**704**

UNITED STATES of America,
Plaintiff–Appellee

v.

Edmundo Raul ISLAS–ARELLANO,
also known as Ernesto Menchaca,
Defendant–Appellant.

No. 07–50669.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 5, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before JOLLY, HIGGINBOTHAM, and PRADO, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Edmundo Raul Islas–Arellano raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. *United States v. Pineda–Arrellano,* 492 F.3d 624, 625 (5th Cir.2007), *cert. denied* —— U.S. ——, 128 S.Ct. 872, 169 L.Ed.2d 737 (2008).

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

UNITED STATES of America,
Plaintiff–Appellee

v.

Narcizo RODRIGUEZ CAMACHO,
Defendant–Appellant.

No. 07–50638.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 5, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before JOLLY, HIGGINBOTHAM, and PRADO, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Narcizo Rodriguez Camacho raises

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. *United States v. Pineda–Arrellano,* 492 F.3d 624, 625 (5th Cir.2007), *cert. denied* —— U.S. ——, 128 S.Ct. 872, 169 L.Ed.2d 737 (2008). The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Francisco Javier TRISTE–JIMENEZ, also known as Javier Francisco Triste–Jimenez, Defendant–Appellant.**

No. 07–50649.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 5, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before JOLLY, HIGGINBOTHAM, and PRADO, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Francisco Javier Triste–Jimenez raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. *United States v. Pineda–Arrellano,* 492 F.3d 624, 625 (5th Cir.2007), *cert. denied* —— U.S. ——, 128 S.Ct. 872, 169 L.Ed.2d 737 (2008). The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Edgar Alberto CASTRO–GOMEZ, Defendant–Appellant.**

No. 07–50651.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 5, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.